Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Maria Teresa Tolento;<br><br>Plaintiff,<br><br>v.<br><br>Nissan Motor Acceptance Corporation; Del Mar Recovery Solutions, GP; DMRS GP Sub, LLC; DMRS GP Sub II, LLC; and Knight Rider Towing & Recovery Inc.;<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I. PRELIMINARY STATEMENT**

1. Plaintiff paid cash to purchased a 2011 Nissan Altima from a private party. The State of Arizona issued Plaintiff a title to the Altima with no liens. Despite the clear title, Nissan Motor Acceptance Corporation claimed a lien on the vehicle and repossessed Plaintiff's vehicle. Plaintiff brings this action for violations

1    of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.
2    ("FDCPA"), and for conversion.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

3. Supplemental jurisdiction exists for the pendant state law claims pursuant to 28 U.S.C. § 1367.

4. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

5. Plaintiff Maria Teresa Tolento resides in Maricopa County, Arizona.

6. Plaintiff is a consumer as that term is defined by the FDCPA, 15 U.S.C. §1692a(3).

7. Defendant Nissan Motor Acceptance Corporation ("NMAC") is a foreign corporation regularly doing business within the state of Arizona.

8. Defendant Del Mar Recovery Solutions, GP is a foreign general partnership located in the State of California.

9. DMRS GP Sub, LLC is a California limited liability company.

10. DMRS GP Sub, LLC is a general partner of Del Mar Recovery

1 | Solutions, GP.
2 | 11. DMRS GP Sub II, LLC is a California limited liability company.
3 | 12. DMRS GP Sub II, LLC is a general partner of Del Mar Recovery Solutions, GP.
5 | 13. As general partners, DMRS GP Sub, LLC and DMRS GP Sub II, LLC are liable for the actions and torts committed by Del Mar Recovery Solutions, GP.
8 | 14. Del Mar Recovery Solutions, GP and its general partners, DMRS GP Sub, LLC and DMRS GP Sub II, LLC, are jointly liable for the actions taken by Del Mar Recovery Solutions, GP.
11 | 15. Del Mar Recovery Solutions, GP is in the business of repossessing or recovering collateral for third parties.
13 | 16. Del Mar Recovery Solutions, GP is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).
15 | 17. Defendant Knight Rider Towing & Recovery Inc. is an Arizona corporation.
17 | 18. Knight Rider is in the business of repossessing or recovering collateral, including motor vehicles, for third parties.
19 | 19. Knight Rider is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).
21 | 20. At all times relevant herein, NMAC is liable for the actions taken by its agents Del Mar Recovery Solutions, GP and Knight Rider.
23 | 21. At all times relevant herein, Del Mar Recovery Solutions, GP is liable for the action taken by its agent Knight Rider.

## IV.  FACTS

22. On or about January 12, 2018, Tolento paid cash to purchased the 2011 Nissan Altima, VIN 1N4AL2AP4BN506106 ("the vehicle"), for $5,000.00.

23. In exchange for her payment, Tolento received the seller's title to the Altima which showed no liens.

24. The Arizona Motor Vehicles Division subsequently issued Tolento a new title in her name, also without any lien.

25. On or about July 22, 2018, Knight Rider went to Tolento's home in Tolleson, Arizona and repossessed her Altima.

26. When Tolento learned that the Altima had been taken, she called the police believing it had been stolen.

27. The police told Tolento that the vehicle had been repossessed by Knight Rider.

28. Upon further investigation, Tolento learned that NMAC has ordered Del Mar Recovery Solutions to repossess the Altima.

29. Del Mar Recovery then hired Knight Rider in Arizona to perform the repossession.

30. In the days following the repossession, Tolento repeatedly called Knight Rider, Del Mar Recovery Solutions and NMAC in an effort to get her Altima returned.

31. Tolento was told my NMAC that they could not talk to her without an account number.

32. Since Tolento had no account with NMAC, she could not provide NMAC with an account number.

1  33.  When she called Knight Rider, she was told that they could only release the vehicle with instructions from NMAC or Del Mar Recovery Solutions.

34.  At the time Defendants repossessed or caused the repossession of Tolento's Altima, NMAC had no present right of possession as Tolento had no loan or lien from NMAC on the Altima.

35.  Once Tolento notified Defendants of their wrongful repossession or taking of her Altima, Defendants refused still to return the vehicle to her.

36.  Tolento has since been without possession or use of the Altima since July 22, 2018.

37.  NMAC never gave Tolento notice that it claimed an interest in the vehicle.

38.  NMAC never gave Tolento notice that it intended to take possession of the vehicle, or notice that it claimed to have a lien against the vehicle.

39.  At the time Defendants repossessed the vehicle, Tolento possessed a valid Arizona title which showed no lien by NMAC or any other party.

40.  At the time Defendants repossessed the vehicle, NMAC did not have the right to take possession of the vehicle from Tolento.

## V.  CAUSES OF ACTION

### COUNT I:  Fair Debt Collection Practices Act.

41.  Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

1   42. Defendants Del Mar Recovery Solutions and Knight Rider violated the FDCPA by repossessing the Altima when there was no present right to possession of the Altima by Defendants.

43. Defendants Del Mar Recovery Solutions's and Knight Rider's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692f(6)(A).

44. As a direct result and proximate cause of Defendants' actions taken in violation of the FDCPA, Plaintiff has suffered actual damages, including the loss of her vehicle.

## COUNT 2.  Conversion.

45. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

46. Defendants' taking possession of the vehicle from Tolento constitutes a wrongful interference with Tolento's ownership of the vehicle and is conversion.

47. As a result of Defendants' conversion of the vehicle, Tolento has suffered damages in an amount to be determined by this Court.

48. In converting the vehicle, Defendants acted with an evil mind, that is, intending to injure Tolento or consciously disregarding the substantial risk that its conduct would cause significant harm to Tolento.

49. Tolento is therefore entitled to recover both actual and punitive damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

    a)    Actual damages;

    b)    Statutory damages under the FDCPA;

    c)    Punitive damages;

    d)    Costs and reasonable attorney's fees; and

    e)    Such other relief as may be just and proper.

DATED __July 26, 2018__.

                                               _s/ Floyd W. Bybee_
                                               Floyd W. Bybee, #012651
                                               **BYBEE LAW CENTER, PLC**
                                               90 S. Kyrene Rd., Ste. 5
                                               Chandler, AZ 85226-4687
                                               Office: (480) 756-8822
                                               Fax: (480) 302-4186
                                               floyd@bybeelaw.com

                                               Attorney for Plaintiff